# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARCUS R. SMITH,

      **Plaintiff,**

                             **CASE NO.:**

**vs.**                               **DEMAND FOR JURY TRIAL**

**SOFI LENDING CORP.,**
**NAVY FEDERAL CREDIT UNION,**
**TRUIST BANK d/b/a LIGHTSTREAM BANK,**
**HSBC BANK USA NA, HSBC INSURANCE**
**HOLDINGS LIMITED, PROSPER MARKETPLACE, INC.**
**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**TRANSUNION, LLC, and**
**EQUIFAX INFORMATION SERVICES, LLC,**

      **Defendants.**
_____/

## COMPLAINT

COMES NOW Plaintiff, Marcus R. Smith, ("Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendants, Sofi Lending Corp.("SOFI"), Navy Federal Credit Union ("NFCU"), Truist Bank d/b/a Lightstream Bank ("Truist"), HSBC Bank USA NA (HSBC Bank), HSBC Insurance Holdings Limited ("HSBC Insurance"), Prosper Marketplace, Inc. ("Prosper"), Experian Information Solutions, Inc., ("Experian"), TransUnion, LLC, ("TransUnion") and Equifax Information Services, LLC ("Equifax") and alleges:

1

## I. PARTIES

1.  Plaintiff is a natural person, a resident of Orange County, Florida, and a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA.  In addition, Plaintiff is a consumer as that term is defined by the FDCPA.

2.  Defendant Experian is an Ohio corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626 and is subject to the jurisdiction of this Court.

3.  At all times material Experian is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian disburses such consumer reports to third parties under contract for monetary compensation.

4.  Defendant TransUnion is a Delaware limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661 and is subject to the jurisdiction of this Court.

5.  At all times material TransUnion is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

6.    Defendant Equifax is a Georgia corporation with its principal place of business located at 1550 Peachtree Street, NW, H-46, Atlanta, GA 30309 and is subject to the jurisdiction of this Court.

7.    At all times material Equifax is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.   Equifax disburses such consumer reports to third parties under contract for monetary compensation.

8.    Defendant SOFI Lending Corp. ("SOFI") is a California corporation based in Cottonwood Heights, UT and is subject to the jurisdiction of this court.

9.    Defendant SOFI Lending Corp. ("SOFI") is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

10.   Defendant Navy Federal Credit Union (NFCU) is a credit union based in Vienna, VA and is subject to the jurisdiction of this court.

11.   Defendant NFCU is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

12.   Defendant Truist Bank d/b/a Lightstream Bank ("Lightstream") is a bank based in Charlotte, North Carolina that does business as the online lender Lightstream Bank and is subject to the jurisdiction of this court.

3

13.   Defendant Lightstream is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

14.   Defendant HSBC Bank USA, NA is a global bank based in London, England, UK, with offices in New York, NY, and is subject to the jurisdiction of this court.

15.   Defendant HSBC Bank USA, NA is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

16.   Defendant HSBC Insurance Holdings Limited ("HSBC Insurance") is a global insurance holdings company with offices in New York, NY, and is subject to the jurisdiction of this court.

17.   Defendant HSBC Insurance is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

18.   Defendant Prosper Marketplace, Inc. ("Prosper") is a foreign corporation headquartered in San Francisco, CA and is subject to the jurisdiction of the Court.

19.   Defendant Prosper is an entity who furnishes information to consumer reporting agencies as provided in the FCRA, 15 U.S.C. § 1681s-2.

## II. JURISDICTION AND VENUE

20.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.* and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

21. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and the Defendants transact business here pursuant to the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1391.

### III. FACTUAL ALLEGATIONS

22. Plaintiff is a victim of an extensive identity theft operation operated by several individuals using multiple aliases.

23. Plaintiff applied for employment through a posting on Medreps.com for a business development position. Posing as an agent of the employer, "Vincent Wetzel" replied to his job application and interviewed Plaintiff for the alleged position. He told Plaintiff that he could help them with business funding in his local community. Plaintiff was told that once the projects were funded and finalized, he would be paid through commissions.

24. Vincent Wetzel introduced Plaintiff to "Matthew Carter" who works for "Ted Chen" (a/k/a Albert Lugene) and "Jeff Lucine" (a/k/a Steve Tetsuya Morizono). Matthew Carter talked about also boosting Plaintiff's credit score and clearing out credit inquiries. Matthew Carter told Plaintiff he needed his driver's license, social security card and checking account information as part of the hiring process.

25. Unbeknownst to the Plaintiff, in June 2020, "Matthew Carter", "Ted Chen" and "Jeff Lucine" got on a VPN (virtual private network) and opened five loans using Plaintiff's personal information.  The fraudulent loans were: HSBC Bank (Acct No. 782414920403206-8); Truist Bank d/b/a

Lightstream Bank (Acct No. 11777460; Prosper Bank (Acct No. 1422338; Navy Federal Credit Union (Acct No. 14410713); and SoFi Bank (Acct No. L4-7797).

26. These loans were never authorized by Plaintiff.

27. The loans were funneled through his checking account and sent by the aforementioned fraudsters to some escrow account unknown to him.

28. After Plaintiff discovered the identity theft and fraud he contacted the U.S. Department of Justice, Federal Bureau of Investigation in November 2020 and received FBI confirmation of being a victim of this financial crime on November 10, 2022. Per the FBI's suggestion, Plaintiff also filed an Identity Theft Report on November 17, 2022 with the Orange County Sheriff's Office.

29. Plaintiff also completed an Identity Theft Victim's Complaint and Affidavit prepared by the Federal Trade Commission. This Affidavit lists the account number, balance, and opening date for each fraudulent account.

30. In addition, Plaintiff also identified Chen, Jeff, and Phillips as the fraudsters.

31. Plaintiff was unfortunately forced to make significant payments towards these fraudulent debts.

32. Plaintiff eventually learned the fraudsters had defrauded approximately 100 – 500 individuals for a total of over $19,000,000.00.

33. This investigation eventually led to the prosecution of the fraud ring in the matter of *United States of America v. Albert Lugene Lim a.k.a Ted Chen*, (S. D. Texas, Case No.: 22-cv-33).

6

34. Plaintiff began disputing the various fraudulent accounts in or around March 1, 2023.

35. These disputes included written and telephonic disputes directly to the furnishers as well as indirect disputes submitted to the Credit Bureaus.

36. In each dispute, including Plaintiff's most recent disputes dated May, June, and September 2024, Plaintiff explained that he is the victim of identity theft and demanded that each of the furnisher's accounts be deleted.

37. Plaintiff also provided extensive documentation to support Plaintiff's disputes, including:

     a. The FBI's Victim Identification Letter;

     b. The Second Superseding Indictment filed in the Southern District of Texas against Lim AKA Ted Chen and the other fraudsters;

     c. The FTC Identity Theft Report; and

     d. The Orange County Police Report.

38. Despite receipt of Plaintiff's disputes, Defendants continued inaccurate credit reporting regarding the fraudulent debts to Plaintiff's credit reports.

39. To date, the Furnishers inaccurate credit reporting remains on Plaintiff's Credit Reports.

40. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

41. Defendants' investigations were unreasonable.

42.   More specifically, the Furnishers should have discovered from their own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading.

43.   Plaintiff contends that it was unreasonable to not contact Plaintiff for further information if needed; to not contact the Orange County Sheriff's Office Department; to not contact the Federal Bureau of Investigation; and, to not contact any persons connected to the prosecution of the fraudsters.

44.   Defendants' conduct has caused Plaintiff pecuniary loss.

45.   Defendants' conduct has caused Plaintiff emotional distress.

46.   Plaintiff has spent countless hours disputing this inaccurate information with Defendants in an attempt to provide any and all information needed for the investigations.

47.   While Plaintiff was thorough in Plaintiff's disputes at all times, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

48.   Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and embarrassment continue to this day because these large charge-offs mischaracterize Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

49.   Moreover, Plaintiff is incredibly concerned that the outstanding debts will have a direct impact on Plaintiff's employment.

50. Despite Plaintiff's repeated attempts, Defendants continue to report fraudulent debts to Plaintiff's credit report.

51. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

52. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

53. By intentionally reporting continuing obligations, Defendants acted in conscious disregard for Plaintiff's rights.

54. To report an ongoing obligation despite the fraudulent nature of these accounts shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

55. The continued pursuit of Plaintiff through direct collection efforts and credit reporting despite the fraudulent nature of these accounts shows that the Furnishers took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

56. Since Plaintiff's efforts to be absolved of the fraudulent debts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

57. Prior to February 2024, the Prosper Bank loan was sold to Crown Asset.

58. Crown Asset filed a collection lawsuit against Plaintiff on February 26, 2024 in Orange County, Florida (Case No. 2023-CC-4108). Crown Asset was aware that Plaintiff was a victim of criminal id theft and did not owe the Prosper debt yet, nevertheless, has pursued collection against Plaintiff.

59. In addition, Defendant Lightstream filed a collection lawsuit against Plaintiff on October 7, 2022 in Orange County, Florida (Case No. 2022-CA-009225-O). Lightstream is still actively pursuing this debt despite being aware that Plaintiff was a victim of criminal id theft and does not owe the Lightstream debt.

60. Plaintiff retained undersigned counsel for the purpose of pursuing this matter against Defendants and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

61. All necessary conditions precedent to the filing of this action occurred or Defendants have been waived.

## COUNT I
## VIOLATIONS OF THE FCRA
## (SOFI LENDING CORP)

62. Plaintiff incorporates Paragraph 1-61 above as if fully stated herein.

10

63. SOFI has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

64. Specifically, SOFI violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's prior dispute letters, prior direct disputes, the documentation provided, and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

65. Further, SOFI violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

66. Following the reinvestigation and dispatch of direct notice to SOFI, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

67.  SOFI's reinvestigation was not conducted in good faith.

68.  SOFI's reinvestigation was not conducted reasonably.

69.  SOFI's reinvestigation was not conducted using all information reasonably available to the Defendant.

70.  SOFI's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of information it already had and multiple disputes with the credit bureaus and because of the use of the "data conformity" method of investigation.

71.  SOFI's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

72.  SOFI has violated 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").

73.  SOFI had actual knowledge of the fraud and identity theft claims made by Plaintiff relating to an account with Defendant.

74.  SOFI had received multiple disputes from the bureaus to find that this account was fraudulent. In light of the fraud report related to the account, SOFI **still reported the account balance as accurate.**

75. Despite having all the information available to it as the other credit bureaus, the Defendant **still verified unverifiable information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A).

76. As a result of SOFI's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to his creditworthiness.

77. SOFI's actions and inactions are willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, these actions were grossly negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

78. Plaintiff is entitled to recover costs and attorney fees from SOFI in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE,** Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against SOFI:

a)   For actual damages;

b)   For compensatory damages;

c)   For statutory damages;

d)   For punitive damages;

e)   For attorney's fees and costs incurred in this action;

f)      For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)      For such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATIONS OF THE FCRA**
**(NFCU)**

79.   Plaintiff incorporates Paragraph 1-61 above as if fully stated herein.

80.   NFCU has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

81.   Specifically, NFCU violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's prior dispute letters, prior direct disputes, the documentation provided, and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

14

82. Further, NFCU violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

83. Following the reinvestigation and dispatch of direct notice to NFCU, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

84. NFCU's reinvestigation was not conducted in good faith.

85. NFCU's reinvestigation was not conducted reasonably.

86. NFCU's reinvestigation was not conducted using all information reasonably available to the Defendant.

87. NFCU's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of information it already had and multiple disputes with the credit bureaus and because of the use of the "data conformity" method of investigation.

88. NFCU's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

89. NFCU has violated 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if

the person knows or has reasonable cause to believe that the information is inaccurate").

90. NFCU had actual knowledge of the fraud and identity theft claims made by Plaintiff relating to an account with Defendant.

91. NFCU had received multiple disputes from the bureaus to find that this account was fraudulent. In light of the fraud report related to the account, NFCU **still reported the account balance as accurate.**

92. Despite having all the information available to it as the other credit bureaus, the Defendant **still verified unverifiable information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A).

93. As a result of NFCU's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to his creditworthiness.

94. NFCU's actions and inactions are willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, these actions were grossly negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

95. Plaintiff is entitled to recover costs and attorney fees from NFCU in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against NFCU:

a)      For actual damages;

b)      For compensatory damages;

c)      For statutory damages;

d)      For punitive damages;

e)      For attorney's fees and costs incurred in this action;

f)      For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)      For such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATIONS OF THE FCRA
### (LIGHTSTREAM)

96.   Plaintiff incorporates Paragraph 1-61 above as if fully stated herein.

97.   LIGHTSTREAM has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

98.   Specifically, LIGHTSTREAM violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency,

by failing to review Plaintiff's prior dispute letters, prior direct disputes, the documentation provided, and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

99.     Further, LIGHTSTREAM violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

100.    Following the reinvestigation and dispatch of direct notice to LIGHTSTREAM, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

101.    LIGHTSTREAM's reinvestigation was not conducted in good faith.

102.    LIGHTSTREAM's reinvestigation was not conducted reasonably.

103.    LIGHTSTREAM's reinvestigation was not conducted using all information reasonably available to the Defendant.

104.    LIGHTSTREAM's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report

in light of information it already had and multiple disputes with the credit bureaus and because of the use of the "data conformity" method of investigation.

105.  LIGHTSTREAM's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

106.  LIGHTSTREAM has violated 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").

107.  LIGHTSTREAM had actual knowledge of the fraud and identity theft claims made by Plaintiff relating to an account with Defendant.

108.  LIGHTSTREAM had received multiple disputes from the bureaus to find that this account was fraudulent. In light of the fraud report related to the account, LIGHTSTREAM **still reported the account balance as accurate.**

109.  Despite having all the information available to it as the other credit bureaus, the Defendant **still verified unverifiable information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A).

110.   As a result of LIGHTSTREAM's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to his creditworthiness.

111.   LIGHTSTREAM's actions and inactions are willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, these actions were grossly negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

112.   Plaintiff is entitled to recover costs and attorney fees from LIGHTSTREAM in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against LIGHTSTREAM:

a)   For actual damages;

b)   For compensatory damages;

c)   For statutory damages;

d)   For punitive damages;

e)   For attorney's fees and costs incurred in this action;

f)   For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)    For such other and further relief as the Court may deem just and proper.

### COUNT IV
### VIOLATIONS OF THE FCRA
### (HSBC BANK USA, NA)

113.    Plaintiff incorporates Paragraph 1-61 above as if fully stated herein.

114.    HSBC has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

115.    Specifically, HSBC violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's prior dispute letters, prior direct disputes, the documentation provided, and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

116.    Further, HSBC violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

21

117.  Following the reinvestigation and dispatch of direct notice to HSBC, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

118.  HSBC's reinvestigation was not conducted in good faith.

119.  HSBC's reinvestigation was not conducted reasonably.

120.  HSBC's reinvestigation was not conducted using all information reasonably available to the Defendant.

121.  HSBC's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of information it already had and multiple disputes with the credit bureaus and because of the use of the "data conformity" method of investigation.

122.  HSBC's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

123.  HSBC has violated 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").

124.  HSBC had actual knowledge of the fraud and identity theft claims made by Plaintiff relating to an account with Defendant.

22

125.  HSBC had received multiple disputes from the bureaus to find that this account was fraudulent. In light of the fraud report related to the account, HSBC **still reported the account balance as accurate.**

126.  Despite having all the information available to it as the other credit bureaus, the Defendant **still verified unverifiable information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A).

127.  As a result of HSBC's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to his creditworthiness.

128.  HSBC's actions and inactions are willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, these actions were grossly negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

129.  Plaintiff is entitled to recover costs and attorney fees from HSBC in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against HSBC:

a)      For actual damages;

b)      For compensatory damages;

c)      For statutory damages;

d)     For punitive damages;

e)     For attorney's fees and costs incurred in this action;

f)     For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)     For such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATIONS OF THE FCRA
## (HSBC INSURANCE)

130.   Plaintiff incorporates Paragraph 1-61 above as if fully stated herein.

131.   HSBC Insurance has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

132.   Specifically, HSBC Insurance violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's prior dispute letters, prior direct disputes, the documentation provided, and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of

such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

133. Further, HSBC Insurance violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

134. Following the reinvestigation and dispatch of direct notice to HSBC Insurance, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

135. HSBC Insurance's reinvestigation was not conducted in good faith.

136. HSBC Insurance's reinvestigation was not conducted reasonably.

137. HSBC Insurance's reinvestigation was not conducted using all information reasonably available to the Defendant.

138. HSBC Insurance's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of information it already had and multiple disputes with the credit bureaus and because of the use of the "data conformity" method of investigation.

139. HSBC Insurance's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and

entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

140. HSBC Insurance has violated 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").

141. HSBC Insurance had actual knowledge of the fraud and identity theft claims made by Plaintiff relating to an account with Defendant.

142. HSBC Insurance had received multiple disputes from the bureaus to find that this account was fraudulent. In light of the fraud report related to the account, HSBC Insurance **still reported the account balance as accurate.**

143. Despite having all the information available to it as the other credit bureaus, the Defendant **still verified unverifiable information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A).

144. As a result of HSBC Insurance's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to his creditworthiness.

145. HSBC Insurance's actions and inactions are willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative,

these actions were grossly negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

146.   Plaintiff is entitled to recover costs and attorney fees from HSBC Insurance in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against HSBC Insurance:

a)   For actual damages;

b)   For compensatory damages;

c)   For statutory damages;

d)   For punitive damages;

e)   For attorney's fees and costs incurred in this action;

f)   For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)   For such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATIONS OF THE FCRA
## (PROSPER)

147.   Plaintiff incorporates Paragraph 1-61 above as if fully stated herein.

148.  Prosper has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA, 15 U.S.C. § 1681s-2(b).

149.  Specifically, Prosper violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of disputed information, by failing to review all relevant information provided by the consumer reporting agency, by failing to review Plaintiff's prior dispute letters, prior direct disputes, the documentation provided, and its own entire file as part of such investigation, by failing to accurately communicate the results of its investigation to the consumer reporting agencies, by verifying inaccurate or incomplete information to a consumer reporting agency as part of a reinvestigation of such information disputed by Plaintiff and/or by verifying and continuing to report inaccurate information after notice and confirmation of those errors.

150.  Further, Prosper violated 15 U.S.C. § 1681s-2(b) by failing to promptly modify, delete or permanently block information disputed by Plaintiff which it knew or reasonably should have known was inaccurate, obsolete and/or incomplete.

151.  Following the reinvestigation and dispatch of direct notice to HSBC Insurance, who failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. §§ 1681s-2(b) the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(3).

152.  Prosper's reinvestigation was not conducted in good faith.

153.  Prosper's reinvestigation was not conducted reasonably.

154.  Prosper's reinvestigation was not conducted using all information reasonably available to the Defendant.

155.  Prosper's reinvestigation was *per se* deficient by reason of these failures in its reinvestigation of the trade line on Plaintiff's consumer report in light of information it already had and multiple disputes with the credit bureaus and because of the use of the "data conformity" method of investigation.

156.  Prosper's actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles Plaintiff to actual damages enumerated in 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n.

157.  Prosper has violated 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate").

158.  Prosper had actual knowledge of the fraud and identity theft claims made by Plaintiff relating to an account with Defendant.

159.  Prosper had received multiple disputes from the bureaus to find that this account was fraudulent. In light of the fraud report related to the account, Prosper **still reported the account balance as accurate.**

160. Despite having all the information available to it as the other credit bureaus, the Defendant **still verified unverifiable information** in violation of 15 U.S.C. § 1681s-2(a)(1)(A).

161. As a result of Prosper's conduct, actions, and inactions, Plaintiff has suffered emotional distress, humiliation, mental anguish and damages to his creditworthiness.

162. Prosper's actions and inactions are willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, these actions were grossly negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

163. Plaintiff is entitled to recover costs and attorney fees from Prosper in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

> **WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Prosper Marketplace, Inc.:

    a)    For actual damages;

    b)    For compensatory damages;

    c)    For statutory damages;

    d)    For punitive damages;

    e)    For attorney's fees and costs incurred in this action;

f)      For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

g)      For such other and further relief as the Court may deem just and proper.

**COUNT VII**
**VIOLATIONS OF THE FCRA**
**15 U.S.C. § 1681i**
**(EXPERIAN)**

164.    Plaintiff incorporates paragraph 1 – 61 above as fully stated herein.

165.    Experian willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

166.    Experian willfully and/or negligently ignored the information provided to it by Plaintiff and by the results of the other credit report investigations.

167.    Experian willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report and the errors stated.

168.    Experian willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

169.    Experian willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

170.    Experian negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in

the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

171.   Experian willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

172.   In response to the request for reinvestigation, Experian improperly verified the account as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

173.   Experian has negligently and/or willfully failed to conduct a proper reinvestigation of the disputed information in violation of the FCRA, 15 U.S.C. §§ 1681i.

174.   As noted above, Experian failed to conduct a proper investigation by wholly ignoring the plain language of Plaintiff's disputes.

175.   Experian's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

176.   Experian's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Experian:

a)    For actual damages;

b)    For compensatory damages;

c)    For statutory damages;

d)    For attorney's fees and costs incurred in this action;

e)    For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f)    For such other and further relief as the Court may deem just and proper.

**COUNT VIII**
**VIOLATIONS OF THE FCRA**
**15 U.S.C. § 1681i**
**(EQUIFAX)**

177.   Plaintiff incorporates paragraph 1 – 61 above as fully stated herein.

178.   Equifax willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

179.   Equifax willfully and/or negligently ignored the information provided to it by Plaintiff and by the results of the other credit report investigations.

33

180. Equifax willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report and the errors stated.

181. Equifax willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

182. Equifax willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

183. Equifax negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

184. Equifax willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

185. In response to the request for reinvestigation, Equifax improperly verified the account as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

186. Equifax has negligently and/or willfully failed to conduct a proper reinvestigation of the disputed information in violation of the FCRA, 15 U.S.C. §§ 1681i.

187. As noted above, Equifax failed to conduct a proper investigation by wholly ignoring the plain language of Plaintiff's disputes.

188. Equifax's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

189.  Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

**WHEREFORE,** Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant Equifax:

a)  For actual damages;

b)  For compensatory damages;

c)  For statutory damages;

d)  For attorney's fees and costs incurred in this action;

e)  For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f)  For such other and further relief as the Court may deem just and proper.

**COUNT IX**
**VIOLATIONS OF THE FCRA**
**15 U.S.C. § 1681i**
**(TRANSUNION)**

190.  Plaintiff incorporates paragraph 1 – 61 above as fully stated herein.

191.  TransUnion willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

192.  TransUnion willfully and/or negligently ignored the information provided to it by Plaintiff and by the results of the other credit report investigations.

193.  TransUnion willfully and/or negligently refused to properly reinvestigate Plaintiff's consumer report and the errors stated.

194.  TransUnion willfully and/or negligently violated 15 U.S.C. § 1681i(a)1.

195.  TransUnion willfully and/or negligently violated 15 U.S.C. § 1681i (a)(4).

196.  TransUnion negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681 (a)(4).

197.  TransUnion willfully and/or negligently violated 15 U.S.C. § 1681i (a)(5).

198.  In response to the request for reinvestigation, Defendant TransUnion improperly verified the account as correct, and refused to remove the inaccurate information, in violation of the requirements of the FCRA, 15 U.S.C. § 1681i (a)(5).

199. TransUnion has negligently and/or willfully failed to conduct a proper reinvestigation of the disputed information in violation of the FCRA, 15 U.S.C. §§ 1681i.

200. As noted above, TransUnion failed to conduct a proper investigation by wholly ignoring the plain language of Plaintiff's disputes.

201. TransUnion's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA and entitles Plaintiff to actual damages, statutory damages, and attorney's fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

202. TransUnion's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff as stated herein, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory and actual damages, along with attorney's fees and costs, as well as such other relief as permitted by law.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant TransUnion:

a)   For actual damages;

b)   For compensatory damages;

c)   For statutory damages;

d)   For attorney's fees and costs incurred in this action;

e)      For an Order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and;

f)      For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

**<u>Designation of Lead Counsel Pursuant to Local Rule 2.02(a)</u>**

Pursuant to Local Rule 2.02(a) of the Middle District of Florida, the undersigned **Max Story, Esquire** is designated as lead counsel in this case.

Respectfully submitted this 26th day of September, 2024.

/s/ Max Story
MAX STORY, ESQ.
Florida Bar:  0527238
AUSTIN J. GRIFFIN, ESQ.
Florida Bar: 0117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Phone: (904)372-4109
Fax:  (904) 758-5333
max@storylawgroup.com
austin@storylawgroup.com
lynette@storylawgroup.com
Attorneys for Plaintiff